## Commonwealth v. One White Truck.

*Prohibition Enforcement Act—Illegal transportation of liquor—Proceedings by owner to recover truck seized—Act of March 27, 1923.*

The real purpose of the 9th section of the Prohibition Enforcement Act of March 27, 1923, P. L. 34, which provides a method whereby the owner of a truck which has been seized upon the driver's arrest for unlawfully transporting intoxicating liquor may recover possession of the truck, is to enable the owner whose truck has been seized and whose ownership and possession are clear and indubitable to secure its return pending the condemnation proceedings; where upon the face of the pleadings ownership and the right to possession of the truck rest upon questions of fact which are or may be in dispute, the court is without jurisdiction to determine these questions before the condemnation proceedings. The fact that the person who was arrested in possession of the truck was brought into court by the service of a copy of the petition and has failed to file an answer is not to be taken as an admission of petitioner's ownership, as to so construe his conduct would force one charged with crime to surrender his property or give evidence against himself.

Petition for leave to file bond under section 9 of the Act of March 27, 1923, P. L. 34, and obtain possession of truck seized upon the arrest of the driver for unlawfully transporting intoxicating liquor. Q. S. Phila. Co., Miscellaneous Division.

*Warren C. Graham*, Assistant District Attorney, for Commonwealth.

*Francis Rawle*, for defendant.

GORDON, JR., J., Sept. 7, 1923.—This is a petition by the Keystone Automobile Finance Company, a corporation, for leave to file its bond under the 3 D. & C.

Commonwealth *v.* One White Truck.

Act of March 27, 1923, P. L. 34, and secure possession of one white truck seized in connection with the arrest of Morris Kelman upon a charge of unlawfully transporting intoxicating liquor.

The petition was filed under the 9th section of the act in question, which, after authorizing the seizure of any wagon, buggy, motor-vehicle, etc., used in the transportation of intoxicating liquor, provides as follows: "Provided, however, that the said vehicle, team, conveyance, craft or receptacle shall be returned to the owner upon the execution by him of a good and valid bond, with sufficient sureties, in the sum double the value of the property, to be approved by the magistrate, alderman, or justice of the peace, or a judge of the Court of Quarter Sessions, conditioned that the said vehicle, team, conveyance or craft shall be delivered to the district attorney of the county, or the person designated by him, at the time of the condemnation proceedings, hereinafter provided in this act, to abide the judgment of the court, or otherwise to remain in full force and virtue, said bond to be payable to the Commonwealth of Pennsylvania for the use of the county in which said conviction is had. Said bond shall be returned to the Court of Quarter Sessions and there held to abide the final disposition of the case."

The petition and supplemental petition set forth that the petitioner is the owner of the truck in question and is entitled to possession thereof by virtue of an instalment lease executed Dec. 7, 1922, by the terms of which the petitioner leased the truck to Morris Kelman and Louis Kelman at a rental of $2330, payable on the execution of the lease, and the additional sums of $200 per month for a period of one year thereafter, at the expiration of which date the truck was to become the property of the lessees; that the lessees had defaulted in the payment of the rents due prior to the seizure of the truck, and that by reason of this breach of one of the covenants of the lease, the petitioner is entitled to immediate possession of the property.

It will be observed that upon the face of the pleadings the ownership and right to possession of the truck rest upon questions of fact which are or may be in dispute. We are of the opinion that the 9th section of the Act of March 27, 1923, confers no power in us or in "any magistrate, alderman or justice of the peace" to hear and determine disputable issues as to ownership and the right to possession of seized trucks. The real purpose of the act is to enable one whose truck is seized and whose ownership and possession are clear and indubitable to secure its return pending the condemnation proceedings provided for in another part of the act. For example, a defendant charged with a violation of the act and whose truck has been seized in connection with the charge is enabled under this section to secure its return to himself by the filing of a bond. The possession of the truck in the hands of the person arrested is strong *prima facie* evidence of his ownership. When a third person steps in, however, and asserts an ownership and a right to possession hostile to the apparent title in the person arrested, it is beyond our power to determine these questions preliminarily to the condemnation proceedings. This is especially true where the relation between the person asserting ownership and him from whose possession the truck was taken is such as in the present case, and is dependent upon the determination of questions of fact.

It is contended, however, by the petitioner that, inasmuch as the person who was arrested in possession of the truck in the case at bar was brought into court by service of a copy of the petition and has failed to deny these allegations, the truth thereof must be assumed. To so hold would force a person arrested and charged with crime to choose between surrendering his

right to the truck or giving evidence against himself. He cannot be compelled by judicial process thus to waive his constitutional right against self-incrimination. The petitioning company must establish its undoubted ownership in the truck elsewhere, or await the condemnation proceedings. We cannot determine its title *ex parte* and arbitrarily without prescribed procedure and in violation of constitutional rights of trial. Our sole power at this time is to approve the bond of an undoubted owner. Where such a person does not appear with certainty, the vehicle seized must stay in the possession of the authorities.

It may be stated, in conclusion, that whatever rights the petitioner may have in the truck are protected by paragraph *D* (VI) of section 11 of the act, and can be asserted in the condemnation proceedings.

The petition is, therefore, dismissed.